BLANTON COMPANY OF DELAWARE *v.* STEWART.

Opinion delivered December 15, 1930.

*Moore & Moore,* for appellant.

*Sheffield & Coates,* for appellee.

BUTLER, J. The only question in this case is whether the oral contract sued on was to be performed within one year from the date it was made. It was and is the contention of the appellant that the evidence showed that the oral contract was not to be performed within one year and was within the statute of frauds, § 4862 of C. & M. Digest, which provides: "No action shall be brought * * * to charge any person upon any contract, promise or agreement that is not to be performed within one-year from the making thereof, unless the agreement, promise or contract upon which such action shall be brought or some memorandum or note thereof shall be made in writing and signed by the party to be charged therewith, or signed by some other person by him thereunto authorized."

The appellee contends that the contract upon which he brought suit and for breach of which he claims damage was to be performed within one year from the date of its making. This issue was submitted to a jury under instructions which are conceded to have been correct. The appellee testified that he was employed by the ap-

pellant's agent on the first day of August, 1929, at a certain monthly salary, his time to begin on the day the contract was made and to terminate on the 31st day of July, 1930; that at the time the contract was made he was in the city of Memphis and the services he was to render were to be performed at Helena; that it was about five or six days from the time the contract was made before he actually entered upon the discharge of his duties, but that the understanding was that his time should begin on the first day of August, 1929, and continue for a year.

There were certain statements made by the appellee during his examination which were contradictory of other statements as to the time when his contract should terminate, and which indicated that his employment was to continue for more than one year from the date of the contract. These statements were brought out on cross-examination of the appellee, and his was the only testimony relative to the duration of his contract, the testimony on the part of the appellant being to the effect that there was no contract except a month to month employment. From the testimony of the appellee the jury might have inferred that the contract was to be performed within one year, but there was sufficient equivocation for them to have concluded that the contract was not to be performed within one year. This testimony, therefore, made it clearly a question of fact for the jury, and, as it is admitted that the court correctly declared the law, the verdict and judgment of the lower court must be affirmed.