BLANTON COMPANY OF DELAWARE *v.* BURKE.

Opinion delivered May 11, 1931.

*Moore & Moore* and *Daggett & Daggett,* for appellant.

*A. M. Coates,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $600 rendered in the circuit court of Phillips County in a suit by appellee against appellant for a balance due him on an alleged contract of employment for a year, beginning July 15, 1928, and ending July 15, 1929. Appellee alleged that he was employed on the ............... day of July, 1928, for the term of one year as manager of appellant's cotton seed department at a salary of $200 a month, and that he was discharged on the 15th day of April, 1929, in violation of the terms of the contract and was unable to procure employment elsewhere during the remainder of the term.

Appellant filed an answer admitting that appellee had been employed on the 15th day of July, 1928, under a verbal contract, but denying that the contract was for a year, and also pleaded in bar of the action the statute of frauds.

When the cross-examination of appellee had been completed, appellant moved the court for a continuance of the cause on the ground that appellee had testified to an oral contract of date July 20th, whereas he had

alleged and sought to recover upon an oral contract of date July 15, 1928, and, on account of the variation between the proof and the allegation, it was surprised. The court refused to continue the cause, and appellant contends that reversible error was committed in refusing to do so. We think not. The day on which the oral contract was actually made was alleged to have been entered into on the................day of July, 1928. It was perfectly consistent with this allegation to prove that the contract was made on the 20th day of July, 1928, the day appellee began to work for appellant without any definite understanding as to the amount he was to receive or the length of time he was to work. Appellee testified that negotiations for employment to buy cotton seed for appellant had been pending for some time, and that he began to work for appellant on the 15th day of July, 1928, under a proposed agreement of $200 per month, but that no certain amount per month nor any definite time of employment was agreed upon until the 20th of July, 1928, at which time it was agreed between him and the representatives of the company that he should receive $200 a month for one year and a bonus at the expiration of the season. Appellant seems to have drawn the inference from the complaint that appellee would testify that the oral contract was made on a day prior to July 15th to take effect on the 15th of July, 1928, but such inference does not necessarily follow from the allegation.

According to the allegation in the complaint, it could as well have been made on a day in July subsequent to the 15th to relate back to the 15th. In any event, appellant was not prejudiced by the testimony as both representatives of appellant who made the contract with appellee were available as witnesses. They were the only ones that knew anything about the contract except appellee, so appellant needed no additional time to procure witnesses relative to the date the contract was made. The court correctly overruled appellant's motion for a continuance.

At the conclusion of the testimony, appellant requested the court to instruct a verdict for it upon the theory that under appellee's own testimony he entered into the performance of a contract on July 15th, 1928, for the period of one year, which had been verbally made prior to that time and hence void under the statute of frauds requiring such contracts to be in writing to be binding upon the parties thereto. Crawford & Moses' Dig., § 4862, 6th paragraph. Appellant would be correct in this contention if its interpretation of appellee's testimony were the only reasonable interpretation that could be placed upon it. Taking his testimony as a whole, just the opposite interpretation can be placed upon it. In addition to excerpts from his testimony quoted and relied upon by appellant in interpreting same, he also testified that he went to work for appellant on July 15, 1928, pursuant to negotiations in which neither the amount he was to receive nor the duration of the contract was definitely fixed, but that on the 20th day of July, 1928, it was verbally agreed between appellant's representatives and himself that the date of employment should begin as of date July 15, 1928, the day he had actually begun work, and continue for a year on a monthly drawing account of $200 per month and a bonus in addition in case the profits of the cotton oil company justified it. The jury accepted the latter statement of appellee as true, although it was not in perfect harmony with the statements quoted by appellant from his testimony. The discrepancies in it were partly due to confusion in failing to fully and completely understand the purport of the cross-examination propounded to him. Under the rule announced by this court in the case of *Blanton Company* v. *Stewart*, 182 Ark. 934. 33 S. W. (2d) 50, governing discrepancies in testimony of witnesses, appellee's testimony was not wholly and entirely discredited by the slight contradictions contained therein.

No error appearing, the judgment is affirmed.