THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



Superseded by amendment
to Art. 14.01 Texas Electi
Code in 1963

March 2, 1953

Hon. Austin F. Anderson          Opinion No. S-15
Criminal District Attorney
Bexar County                     Re:  Applicability of campaign
San Antonio, Texas                    expenditure provisions in
                                      the Texas Election Code
Dear Sir:                             to municipal elections.

     You state that the City of San Antonio will hold an
election for city councilmen on April 7, 1953, and you re-
quest an opinion of this office on the following question:

     "Do the provisions of Chapter 14 of the Texas
Election Code (Chapter 492, Acts 52nd Leg., 1951,
p. 1097), relating to campaign expenditures, apply
to municipal elections so that a county or district
attorney may prosecute candidates for municipal
offices for violations of the same?"

     If the campaign expenditure provisions of the Elec-
tion Code are applicable to municipal elections, the applica-
bility must be found in the definitions contained in Section
237 of the Code.  Section 237 reads:

     "The word 'candidate' shall mean any person who
has announced to any other person or to the public
that he is a candidate for the nomination for or the
election to any office which the laws of this State
require to be determined by an election.  The words
'county office' shall mean any office to be filled
by the choice of the voters residing in only one (1)
county or less than one (1) county.  The words
'district office' shall mean any office to be filled
by the choice of the voters residing in more than
one (1) county.  The words 'state office' shall mean
any office to be filled by the choice of voters of
the entire State. . . ."

     Section 239 states the purposes for which a candi-
date may make campaign expenditures.  Section 244 requires
the candidate to file statements showing contributions and
expenditures, such statements being filed with the county
clerk in the case of county offices and with the Secretary
of State in the case of district and state offices.  Section
242 subjects any candidate who makes an unlawful campaign

expenditure to a fine of $100 to $5000 and to imprisonment in the penitentiary from one to five years; and Section 244 makes any candidate failing to file, or swearing falsely in, the statements required by that section subject to similar criminal penalties.

It is our opinion that the provisions of Chapter 14 do not apply to elections for city councilmen in the City of San Antonio, which is a home rule city. Section 237 defines a candidate as any person who has announced that he is a candidate for an office which the laws of this State require to be determined by an election. There is no law of this State requiring that officers of a home rule city be selected through an election. To the contrary, Article 1175, Vernon's Civil Statutes, expressly states that home rule cities may determine the manner and mode of selecting officers. Under this power, the charter of a home rule city might provide for the selection of its governing body by some manner other than by election. In State ex rel. Cline v. Norris, 33 S.W.2d 850 (Tex.Civ.App. 1930), the court noted the distinction between nominations which the laws of this State require to be made through primary elections and those which the laws permit to be made in this manner. We think the term "laws of this State" was here intended to refer to the Constitution of the State and statutes enacted by the Legislature and was not intended to include charter provisions or ordinances adopted pursuant to constitutional or statutory grant of power to municipalities. Therefore, since there is no constitutional provision or legislative enactment requiring a home rule city to elect its governing body, it is our opinion that candidates for the office of city councilman of the City of San Antonio do not come within the definition of candidate in Section 237.

We also agree with your conclusion that these provisions do not apply to municipal elections generally. It must be conceded that the definition of candidate contained in Section 237 is broad enough to include candidates for certain municipal offices, as well as elective offices for political subdivisions, such as school districts, junior college districts, water districts, soil conservation districts, and so on,--in brief, all offices which the laws of the State require to be filled by an election. Likewise, the definitions of county office, district office, and state office are comprehensive enough to include all such offices. However, it is our opinion that the Legislature did not intend to encompass such a broad range within these definitions.

The statutes which were predecessors of the campaign expenditure provisions in Chapter 14 of the Election Code (Arts. 3168-3173, V.C.S.) applied only to nomination

for offices which the laws of the State required to be deter-mined by a primary election. The definitions of county, dis-trict, and state nomination respectively corresponded to the present definitions of county, district, and state office. Similarly, candidates for county nominations were required to file statements with the county clerk and candidates for state and district nominations were required to file state-ments with the Secretary of State. In State ex rel. Cline v. Norris, supra, the court held that these statutes applied only to primary elections which were required by law, namely, the primaries which Article 3101, V.C.S. (now Section 180 of the Election Code) required certain political parties to hold for nominating candidates for congressional, state, district, county, and precinct offices in the general election held every two years on the first Tuesday after the first Monday in November in accordance with Article 2930, V.C.S. (now Section 9 of the Election Code).

It is seen that the change made in Section 237 was to extend its provisions to include candidates for election to an office as well as for nomination for the office. We are of the opinion that these changes in Section 237 were intended only to extend the types of elections so as to in-clude general and special elections for the offices to be filled and were not intended to enlarge the classes of of-fices which the candidates were seeking.

We wish it to be understood that this opinion is directed to you as a prosecuting officer inquiring about his duties under the law. It is not to be taken as advice to county clerks or other officers that they should not accept statements which the candidates might proffer for filing. Until there has been a legislative clarification or a judicial interpretation of these provisions, we be-lieve it the wiser course for these officers to accept statements which are tendered to them for filing.

## SUMMARY

The provisions of Section 239 of the Texas Election Code (Art. 14.03, Vernon's Election Code) limiting the purposes for which campaign expenditures may be made, and of Section 244 of the Election Code (Art. 14.08, Vernon's Election Code) requiring the filing of sworn statements of campaign contributions and expenditures, do not apply to candidates for municipal office in a city election. They apply only to candidates for nomination for or election to full terms and unexpired terms for offices which

are regularly filled in the general election held pursuant to Section 9 of the Election Code.

APPROVED:

Willis E. Gresham
Reviewer

C. K. Richards
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Mary K. Wall*

    Mary K. Wall
      Assistant

MKW:w